US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
JUN 1 6 2011
CHRIS R. JOHNSON, Clerk
By
         Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                      PLAINTIFF

vs.                    Civ. No. 11- 3042

FRED KIRKPATRICK, IN HIS OFFICIAL CAPACITY AS
DISTRICT COURT JUDGE OF                                DEFENDANTS
BOONE COUNTY, ARKANSAS

## COMPLAINT

Comes now pro se Plaintiff David Stebbins, who hereby submits the following complaint, pursuant to 42 U.S.C. § 1983, against Defendant Fred Kirkpatrick in his official capacity as District Court Judge of Boone County, Arkansas. The office where he works can be found at 201 North Main Street, Harrison, AR 72601.

On the date of June 9, 2011, I appeared in the Defendant's court to answer to two traffic violations. After pleading guilty to the first violation (driving with an expired tag), I pleaded not guilty to the charge of driving without proof of liability insurance. The Defendant accepted this plea and scheduled the issue for trial on August 3, 2011.

Upon receiving that notice, I requested a public defender. The Defendant informed me that he was not obligated to appoint a public defender because the charge could not result in jailtime.

It is my firm and humble belief that this violates my right to have counsel present. In the case of Gideon v. Wainwright, 372 U.S. 335 (1963), the United States Supreme Court held outright that "[t]he right of an indigent defendant in a criminal trial to have the assistance of counsel is a fundamental right essential to a fair trial, and petitioner's trial and conviction without the assistance of counsel violated the Fourteenth Amendment." In it, it made no exception for minor crimes; in fact, the lack of severity of the crime in question was the very issue that caused the Florida judge to deny Gideon a public defender!

Because the Supreme Court listed the right to a public defender in criminal cases as a

fundamental right, that means that the infringement thereof must pass strict scrutiny in order to still be constitutional. To pass strict scrutiny, a law must meet all three of the below criteria:

1. It must serve a compelling state interest,
2. It must be narrowly tailored to meet that interest, and
3. It must be the least restrictive means of achieving that interest.

Furthermore, when strict scrutiny is applied, the Defendant supporting the law, not the Plaintiff opposing it, bears the burden of proof. Therefore, unless the Defendant, in his answer, denies my assertion that I requested a public defender, or that he denied that request, then the burden of proof is entirely on him to pass strict scrutiny.

Wherefore, I respectfully pray that you issue an injunction to the Defendant to appoint a public defender to represent me in my case of driving without proof of liability insurance and also to reimburse me all costs that I expended in pursuing this claim.

Furthermore, as you can see, I am applying for leave to proceed in forma pauperis. If this application is granted, per Fed. R. Civ. P. Rule 4(c)(3), please instruct the Marshall to execute the service of summons and complaint on the Defendant.

It is so requested on this 10th day of May, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72601