U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 16 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

vs.                                    Civ. No. 11-3042

FRED KIRKPATRICK, IN HIS OFFICIAL CAPACITY AS
DISTRICT COURT JUDGE OF                            DEFENDANTS
BOONE COUNTY, ARKANSAS

## OBJECTION TO REPORT AND RECOMMENDATION

Comes now Plaintiff David Stebbins, who hereby submits the following objection to the report and recommendation of the magistrate judge.

First of all, I never consented to a magistrate judge in this case. The Honorable James Marschewski does not have jurisdiction over this case until I consent.

Second, 28 U.S.C. § 1915(e)(2)(B)(iii) only grants the court discretion to deny an in forma pauperis application when the plaintiff "seeks **monetary** relief against a defendant who is immune from such relief." The statute says nothing about when the plaintiff seeks injunctive relief. To the contrary, the mere fact that the statute went out of its way to specify the adjective "monetary" in and of itself proves that the Congress of the time had considered when the plaintiff seeks injunctive relief and consciously chose to not include it.

A declaratory decree is not reasonably available to me, because I already have my trial scheduled. I am subject to irreparable harm by having to defend myself, despite me not being a criminal defense lawyer.

A declaratory decree has *already* been imposed, in a sense. The case of Gideon v. Wainright, 372 U.S. 335 (1963) declared that I have the right to be represented by counsel in a criminal case. That declaration has been violated, and appellate courts' decisions are binding on all inferior courts that are subject to its jurisdiction (in this case, every court in the nation), not just the court from which that case came.

In the event that you find that a declaratory decree is available and not present, my failure to seek one is nothing that cannot be solved by an amended complaint. If you find that a declaratory decree is still available, at least dismiss it without prejudice, so that I can file it again, this time, for a declaratory decree.

My remedies at the state level are inadequate. The state courts are not charged with enforcing the federal constitution, only the state one. The Arkansas Constitution does not provide for the right to counsel. I have read Article 2 of the Arkansas Constitution, which is the state's bill of rights, and they have all the rights of accused persons... except the right to counsel. In fact, the only time the word "counsel" even appears in the state Bill of Rights is in Section 10, where it gives me the right "to be heard by himself and his counsel," but it does not give me the right to *have* counsel; it merely gives my counsel – if any I have – the right to be heard.

If you are currently on a computer, here is a direct link to the text of the State Constitution. http://www.arkleg.state.ar.us/assembly/Summary/ArkansasConstitution1874.pdf

I may have an adequate remedy in state court if the judge were having me arrested for wearing a "fuck the draft" T-Shirt in court, but that is because Article 2 Section 6 gives me the rights to speech and press, but in this case, I have no choice but to seek for the incorporation doctrine to be imposed, and for that, I need the intervention of federal courts.

Wherefore, for these reasons, I hereby pray that the report and recommendation be rejected in its entirety.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701