IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

v.                                            Case No. 3:11-CV-03042

FRED KIRKPATRICK, in his official capacity
as District Court Judge of Boone County, AR                                              DEFENDANT

**O R D E R**

      Currently before the Court is the Report and Recommendations (Doc. 4) filed in this case on June 16, 2011, by the Honorable James R. Marschewski, United States Magistrate for the Western District of Arkansas. Also before the Court are Plaintiff's Objections (Doc. 5) to the Report and Recommendations.

      The court has reviewed this case and, being well and sufficiently advised, finds as follows: Plaintiff's objections offer neither law nor fact requiring departure from the Report and Recommendation. Plaintiff argues that, first, that the Magistrate does not have jurisdiction and, second, that 28 U.S.C. § 1915(e)(2)(B)(iii) only grants the court discretion to deny an *in forma pauperis* application when a plaintiff "seeks monetary relief against a defendant who is immune from such relief." Plaintiff argues that he is seeking injunctive, and not monetary relief, and as such, his case should not be subject to dismissal under that statute.

      First, the Magistrate Judge had jurisdiction to submit to the undersigned a recommendation for disposition of this case. 28 U.S.C. § 636(b)(1). This Court now conducts a *de novo* review of those portions of the Magistrate's Report to which Plaintiff specifically objects, and the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id*. Second, claims may be dismissed under 28 U.S.C. § 1915(e)(2)(B) if the

action "is frivolous or malicious" or "fails to state a claim on which relief may be granted" in addition to the situation set forth in the subsection cited by Plaintiff in his objections. The Magistrate Judge rightly found that Plaintiff's claims for injunctive relief were subject to dismissal as precluded by the Federal Courts Improvement Act ("FCIA"). 42 U.S.C. § 1983. Plaintiff argues that his claim should fall into one of the exceptions provided for in the FCIA, which allows for actions where "a declaratory decree was violated or declaratory relief was unavailable." *Id*. Plaintiff argues that declaratory relief was not reasonably available to him because he already has a trial scheduled. The Court is not persuaded by this argument. Plaintiff then argues that, in a sense, the Supreme Court issued a declaratory decree in its opinion of *Gideon v. Wainwright*, 372 U.S. 335 (1963), in which Plaintiff alleges the Supreme Court "declared that I have the right to be represented by counsel in a criminal case." (Doc. 5). Plaintiff then argues that the *Gideon* declaration has been violated. The right to counsel, however, does not apply in cases, like the one from which Plaintiff's claims arise, in which there is no potential for incarceration. *Argersinger v. Hamlin*, 407 U.S. 25 (1972). Furthermore, as recognized by the Magistrate Judge, Plaintiff has not shown that he has an inadequate remedy at law or would be subject to a serious risk of irreparable harm.

The Court finds that the Report and Recommendation is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, for the reasons stated herein and in the Magistrate Judge's Report and Recommendations, Plaintiff's Motion to Proceed IFP (Doc. 2) is DENIED and Plaintiff's claims are DISMISSED for failure to state a claim on which relief may be granted.

IT IS FURTHER ORDERED that any and all motions which remain pending are DISMISSED AS MOOT.

IT IS SO ORDERED this 20th day of October, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE